(88 Misc. Rep. 68)

COHN et al. v. WILSON.

(Supreme Court, Appellate Term, First Department. December 17, 1914.)

1. COURTS (§ 190*)—MUNICIPAL COURT—PRACTICE ON APPEAL.
    On appeal from a default judgment in the Municipal Court of the City of New York, defendant may present affidavits to show that he was not served with summons.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190;* Appeal and Error, Cent. Dig. § 103.]
2. PROCESS (§ 149*)—SERVICE—PROOF—IMPEACHMENT.
    Affidavits presented on appeal held to show that the summons in an action was not served on defendant.
    [Ed. Note.—For other cases, see Process, Cent. Dig. §§ 202–205; Dec. Dig. § 149.*]
    Whitaker, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by William I. Cohn and Joshua Cohn, copartners as W. I. & J. Cohn, against John G. Wilson, trading as Tappe. Judgment for plaintiffs on default. Defendant appeals. Judgment reversed.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

David Ross, of New York City, for appellant.
Samuel S. Breslin, of New York City, for respondents.

LEHMAN, J. [1] The defendant, on an appeal from a default judgment, presents affidavits to show that he was never served with the summons in the action. The Municipal Court Act undoubtedly authorizes this practice, and upon such an appeal we can consider only the question whether by service of process the Municipal Court ever obtained jurisdiction of the defendant's person. If it never obtained such jurisdiction, the judgment is void, even though it appears that the person actually served was closely related to the defendant, and even though we may suspect that the defendant knew of the action, and is appealing only to escape a judgment for money actually due.

[2] In this case the affidavits presented by the plaintiff show that he does not personally know the defendant, but relied for his identification upon some unidentified employés of defendant. On the other hand, not only does the defendant deny the service, but his broth-

er and two other persons swear that the summons was served on the brother in defendant's absence. Under the circumstances, I cannot see how we can reasonably hold that the defendant was ever served.

Judgment must therefore be reversed, with costs, and the complaint dismissed.

DELANY, J., concurs. WHITAKER, J., dissents, upon the ground that appellant should have applied to the court in which the judgment was entered in the first instance for relief, and that an appeal to this court, without having made such an application, is not the proper practice, and is without statutory sanction.